JAMES M. FORGY ET AL *v.* A. B. TANNER ET AL.

**Descent and Distribution—Sale by court of Interest of Minors.**

A sale by order of court, for the interest of minors, though the widow of the testator had given her a life interest, held not to be in contravention of the expressed provisions of the will, as it was no more than what would have been allowable if descended according to law.

APPEAL FROM LOGAN CIRCUIT COURT.

March 7, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Samuel C. Forgy, the testator, died in the year 1830, having devised all of his estate to his surviving widow during her life and widowhood, but in the event of her marriage, it was to go to his

heirs, naming seven children then living, and a posthumous child was born, not mentioned.

In 1837, the widow, as guardian for the infant children, filed a bill to have said land sold for the benefit of her wards, which was ordered by the court after the usual proceedings and after she had executed the proper bond in said suit.

She became the purchaser of the land, and subsequently sold and conveyed it to the senior Tanner, who died before he paid her for it. She then obtained a decree against her vendee's heirs to sell it to pay the outstanding purchase price, and some of the decedents, Tanner's heirs purchased it at the decretal sale, and afterwards sold it to this appellee.

This petition was filed in April, 1868, by two of the testators, Forgy's children, seeking a recovery of said land because, as they insist, only their mother's life interest was sold and not their reversionary title, and further said sale was in contravention of the will. It is most apparent that the object of her suit was not to get her own interest sold, for she could have sold that without the cost and delay of a suit, nor did the court so undertsand or decree, but decreed the entire land to be sold having before it the proper parties. The testator gave no directions as to the sale of the land, but devised the remainder to his children after the termination of the conditional life estate, therefore the decree to sell contravened no express provision of the will, nor did it any more defeat the implied intent of the testator than had he permitted it to descend according to law.

After more than thirty years have elapsed and the purchases under said decretal sale holding the land as their own adverse to all the world, this decree and sale should not be disturbed. We, therefore, approve the dismissal of appellants' petition and *affirm* the judgment.

*T. A. Frazer,* for appellant.

*J. H. Bowden,* for appellee.